FILED

MAY 2 8 2009

CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY _____
                    DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
PECOS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | CRIMINAL NO. |
| v. | ) | |
| | ) | P-09-CR-0101 |
| LUIS MORALES, (1) | ) | |
| PAUL OHAEGBU, (2) | ) | |
| CARLOS SOSA, (3) | ) | |
| LORENZO MORALES, (4) | ) | |
| JESUS FLORES-HUERTA, (5) | ) | |
| AGUSTIN SAMANO, (6) | ) | |
| GIL GUILLERMO, (7) | ) | |
| JUAN MANUEL LERMA-PEREZ, (8) | ) | |
| ALEJANDRO TARIN, (9) | ) | |
| LEONARDO CASTILLO-MARQUEZ, (10) | ) | |
| MOISES GARZA-MARQUEZ, (11) | ) | |
| JOSE FERNANDO VIDEA, (12) | ) | |
| JAVIER FRANCISCO BARBOZA, (13) | ) | |
| MARCOS VELA, (14) | ) | |
| GUSTAVO ANTONIO BUENO, (15) | ) | |
| ULISES ROJAS-PEREZ, (16) | ) | |
| ERNESTO PORTILLO-PERAZA, (17) | ) | |
| FELIX VARGAS, (18) | ) | |
| ALEJANDRO GONZALEZ-SANAG, (19) | ) | |
| ROBERTO VELASQUEZ, (20) | ) | |
| SANTIAGO LUMBRERAS-HUERTA, (21) | ) | |
| MANUEL LOPEZ-VILLALOBOS, (22) | ) | |
| ADOLFO ESCOBAR-VELASQUEZ, (23) | ) | |
| ANDRES GARCIA-RODRIGUEZ, (24) | ) | |
| ALEJANDRO RAMIREZ-RETA, (25) | ) | |



## STANDING DISCOVERY AND SCHEDULING ORDER

If the parties in this action have not already done so, they shall by June 1, 2009 at 5:00 p.m. confer and the following shall be accomplished:

A. Upon request of the Defendant, the Government shall permit the Defendant to inspect and copy the following items or copies thereof, or supply copies thereof, which are within the possession, custody or control of the Government, the existence of which is known or by the exercise of due diligence may become known to the attorney for the Government:

1. Any relevant written or recorded statements made by the Defendant;[1]

2. The Defendant's arrest and conviction record; and

3. Results or reports of physical or mental examinations, and of scientific tests, including, without limitation, any handwriting analysis or experiments, which are material to the preparation of the defense or are intended for use by the Government as evidence in chief at the trial.

B. Upon request of the Defendant, the Government shall permit the Defendant to inspect and copy the following items or copies thereof, or supply copies thereof, which are within the possession, custody or control of the Government, or the existence of which is known or by the exercise fo due diligence may become known to the attorney for the Government.

1. The substance of any oral statement made by the Defendant before or after the Defendant's arrest in response to interrogation by a then known to be Government agent which the Government intends to offer in evidence at trial;

2. Recorded grand jury testimony of the Defendant relating to the offense(s) charged; and

3. Books, papers, documents, photographs, tangible objects, buildings or places which the Government intends to use as evidence at trial to prove its case in chief, or were obtained from or belong to the Defendant.

---

[1] If the Defendant is a corporation or other enity described in Rule 16(a)(1)(A) *Fed.R.Crim. P.* then the provisions of that Rule pertaining to business officers and employees shall control production.

C. Upon receipt by the Defendant of the materials in A(3) or B(3) of this Order from the Government, the Defendant shall permit the Government to inspect and copy the following items, or copies thereof, or supply copies thereof, which are within the possession, custody or control of the Defendant, the existence of which is known or by the exercise of due diligence may become known to the Defendant.[2]

    1. Books, papers, documents, photographs or tangible objects which a Defendant intends to introduce as evidence in chief at trial.

    2. Any results or reports of physical or mental examinations and of scientific tests or experiments made in connection with this case which the Defendant intends to introduce as evidence in chief at trial, or which were prepared by a defense witness who will testify concerning the contents thereof.

D. Upon written request of the Defendant, the Government shall disclose to the Defendant a written summary of all expert testimony the Government intends to use. **This summary shall describe the witnesses' opinions, the bases and reasons thereof, and the witness' qualifications.** (Rule 16(a)(1)(E), *Fed.R. Crim. P.*).

E. If a Defendant intends to rely upon the **defense of insanity** at the time of the alleged crime or intends to introduce expert testimony relating to a mental disease, defect or other condition bearing upon the issue of whether the Defendant had the mental state required for the offense charged, the Defendant shall give written notice thereof to the Government. This notice shall be given by **June 15, 2009 at 5:00 p.m.** (Rule 12.2, *Fed.R. Crim. P.*).

F. The Government shall reveal to the Defendant and permit inspection and copying of all information and material known to the Government which may be favorable to the Defendant on the issues of guilt or punishment within the scope of Brady v. Maryland, 373 U.S. 83 (1963), and the United States v. Agurs, 427 U.S. 97 (1976).

G. The Government shall obtain the record of prior convictions of any alleged informant or other witness who will testify for the Government at trial so that the record will be available to the Defendant at trial.

H. The Government shall state whether the Defendant was identified in any lineup, show up, photo spread or similar identification proceeding, and produce any pictures utilized or resulting therefrom.

---

[2] Receipt by a party shall be viewed as tantamount to a "request" under the provisions of Rule 16(b)(1), *Fed.R. Crim. P.* Any Defendant who does not request the production of discovery, but accepts and receives such materials shall be deemed to have made an implied request.

I. The Government shall advise its agents and officers involved in this case to preserve all rough notes, including notes pertaining to confidential informants.

J. Upon request, the Government shall advise the Defendant of the general nature of any evidence it intends to offer at trial under Rule 404 (b), Federal Rules of Evidence.

K. The Government shall state whether the Defendant was an aggrieved person, as defined in Title 18 U.S.C. § 2510(11) of any electronic surveillance, and if so, shall set forth in detail the circumstances thereof. The Government shall comply with the provisions of Title 18 U.S.C. § 2518(9).

L. Upon request, the Government shall provide the Defense, for independent expert examination, copies of all latent fingerprints or palm prints which have been identified by a Government expert as those of the Defendant.

M. The parties shall make every possible effort in **good faith to stipulate all facts or points of law, the truth and existence of which is not contested** and the early resolution of which will expedite the trial. No stipulation made by Defense Counsel at the conference shall be used against the Defendant unless the stipulation is reduced to writing and **signed by the Defendant and Counsel**.

N. The Government shall disclose to the Defendant the existence and substance of any payments, promises or immunity, leniency, or preferential treatment, made to prospective Government witnesses, within the scope of United States v. Giglio, 405 U.S. 150 (1972) and Napue v. Illinois, 360 U.S. 264 (1959).

O. The Government shall cause to be transcribed the grand jury testimony of all witness who will testify for the Government at the trial of this cause so that their statements can be available without unnecessary delay at trial and available to be furnished to Defendant pursuant to Title 18 U.S.C. § 3500.

P. The Government shall advise defense counsel of whether there are any Confidential Informants (CI's) with knowledge of the facts in this case. If so, the Government will also inform defense counsel of the level of activity engaged in by the CI and whether the CI is likely to be called to testify at trial. The identity of the CI may be masked for this purpose. If the Government believes the sensitive nature of this information requires it, the Government may submit the information to the Court for an in camera review. Should the defense seek disclosure of any CI's identity, the defense may request a hearing at which it will be required to satisfy the three-part test set out in U.S. v. Vizcarra-Porras, 889 F. 2d 1435, 1438 (5th Cir. 1989), cert. Denied, 495 U.S. 940 (1990).

Q. The Court may refuse to hear or may deny a nondispositive motion unless the filing party includes a certificate of conference within the body of the motion. The certificate of conference shall advise the Court that counsel for the parties have first conferred in a good faith attempt to resolve the matter by agreement and, further, shall certify the specific reason(s) that no agreement could be reached. A dispositive motion includes a motion to dismiss, a motion to suppress, a motion for new trial, a motion for instructed verdict, a motion for judgment as a matter of law and any motion that under the Federal Rules of Criminal Procedure may be filed *ex parte*.

If either party believes the other party has failed to comply with a provision of this Order (intentionally or inadvertently), then that party shall notify the other party in writing in advance of the District Court's Docket Call set for **August 17, 2009.** In that event both parties shall be prepared to explain to the Court the reason or justification for the alleged noncompliance. Neither party shall file a Motion for Discovery or Compliance with this Order until the procedure in this paragraph (requiring notice to the opposing party) and the final paragraph of this Order has been followed.

It shall be the continuing duty of counsel for both sides to immediately reveal to opposing counsel all newly discovered information or other material within the scope of this Order.

Upon a sufficient showing, the Court may at any time, upon motion properly filed and in compliance with this Order, order that discovery or inspection provided for by this Order be denied, restricted or deferred, or make such other order as is appropriate. It is expected by the Court, however, that counsel for both sides shall make a good faith effort to comply with the letter and spirit of this Order.

All notices of defenses pursuant to *Fed.R.Crim.P.* 12 (b)(1&2) or 12.3 shall be given by **June 12, 2009 at 5:00 p.m.**. All other motions (excluding motions in limine), including *Fed.R.Crim.P.* 12 (b)(3) shall be filed in this cause no later than **June 12, 2009 at 5:00 p.m.**.[3] Any motion which requires the resolution of an issue of law **must** be accompanied by a supporting memorandum. Local Rule 7.1. Without such a memorandum, the motion will not be considered by the Court (exceptions may be granted in unique circumstances).

All requests for special jury instructions and motions in limine shall be submitted ten (10) days prior to Jury Selection.[4]

If a party believes that the furnishing of copies by the opposing party under the provisions of Paragraph A, B, or C will be inadequate and the case requires actual examination of the copied items, then that party shall make such a request in writing to the opposing party for actual examination of originals prior to filing a motion to request such relief.

One principal purpose of this discovery order is to avoid the necessity of counsel for the Defendant(s) and the Government to file routine **motions** for discovery. Accordingly, counsel for the Government and the Defendant(s) **shall** make a request of the opposing party for each item of discovery sought and such request must have been declined prior to the filing of any motion.

---

[3] The only way any of the above dates can be extended is for an order to be executed by the Court approving the extension. The Order must be one which you prepare, agreed to by all parties, (or otherwise granted by the Court after a written motion) and thereafter signed and filed by the Court prior to the deadline.

[4] There is no need to submit routine and standard instructions or instructions which are fundamental to the basic elements of the offense(s), however any defenses or unique instructions not routinely included in the District Court's charge should be submitted.

Further, **any motion** filed on behalf of a party shall include an accompanying certification by counsel for that party that either:

1. The item of discovery sought in the motion is not included in or covered by this discovery order; that a formal request for the item **has** been made to the opposing party, and the opposition has **declined the request**, or

2. The item of discovery sought in the motion **is** included in or covered by this discovery order; that a formal request for the item **has been made** to the opposing party, and the opposition has **declined the request**.

**All persons shall be counseled that upon entering the Courtroom they shall be dressed in clothing reasonably befitting the dignity and solemnity of Court proceedings. Blue jeans, short, t-shirts, and tank tops are not appropriate Courtroom attire. Sunglasses and hats shall not be worn unless required for medical conditions. All clothes worn in Court should be clean and neat.**

**Sanctions may be imposed for failure to follow these procedures.**

Summary of deadlines:

1. **Parties shall confer on discovery issues by June 1, 2009 at 5:00 p.m.**

2. **Notices of defenses pursuant to** *Fed.R.Crim.P.* **12 (b)(1&2) or 12.3 by June 12, 2009 at 5:00 p.m.**

3. **Notice of Defendant's "Defense of Insanity" by June 12, 2009 at 5:00 p.m.**

4. **All other motions (excluding motions in limine) shall be filed by June 12, 2009 at 5:00 p.m.**

5. **Docket Call is set for August 17, 2009 at 1:00 p.m., Pecos, Texas.**

6. **Court Plea Deadline is September 4, 2009.**

7.  All requests for special jury instructions and motions in limine shall be filed by September 11, 2009 at 5:00 p.m.

8.  Jury Selection and Trial Date is set for September 22, 2009 at 9:00 a.m., Pecos, Texas.

It is so **ORDERED**.

Signed this the 26 day of May, 2009.

ROBERT JUNELL
UNITED STATES DISTRICT JUDGE